IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00043-PSF-OES

JENNIFER OLIVER,

Plaintiff(s),

vs.

ARNOLD, ROSS AND ASSOCIATES, LLC;
ARNOLD, ROSS AND SINGER, LLP; and
STEPHANIE M. GAGLIANO,

Defendant(s).

---

ORDER DENYING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated: August 15, 2005

Defendants have filed a motion for protective in which defendants ask that

plaintiff be prevented from deposing Ms. Josylen Welsh.  This is a legal malpractice

case, and Ms. Welsh was a paralegal for the defendant law firm at the time of the

events that underlie this action.  However, defendants argue that a deposition of this

person is unnecessary because defendants have admitted liability.  In defendants'

words, "The only issues in dispute are the nature and extent of the damages suffered

by the Plaintiff."  Defts' Mtn at 3.

Plaintiff argues that she should be entitled to take the deposition of Ms. Welsh

for several reasons.  First, she asserts that "there is less to the Defendants' so-called

admissions than meets the eye; the 'admissions' are very carefully and very narrowly

worded." Pltf's Resp. at 2.  In plaintiff's view, defendants have confessed liability only as to certain particular actions on the part of defendant, and defendants otherwise attempt to shift blame for other actions to other parties.  Second, plaintiff states that in her amended complaint she is alleging that she suffered injuries from acts of negligence that are distinct from the actions for which defendants apparently are prepared to accept liability.  And, third, she states that the depositions of the two principal lawyers who were associated with plaintiff's case resulted in numerous contradictions between the two, and plaintiff argues that she should be entitled to depose the other person in the defendant law firm who would be knowledgeable about the events, namely, Ms. Welsh.

## DISCUSSION

I agree with the arguments of plaintiff, and I will deny defendants' Motion for Protective Order.  First, The scope and extent of defendants admission of liability, at the very least, remains undetermined at this point, and under the rules that allow for broad discovery plaintiff is entitled to conduct a deposition of Ms. Welsh.  Second, defendants are not entitled to be protected from this deposition solely on the basis that they have confessed liability, because the acts of negligence for which defendants may be liable – either through their acceptance of liability or as a result of a trial – may overlap with the damages that plaintiff ultimately may recover.  Ms. Welsh may in her deposition describe acts or conduct that is relevant to a jury's determination of damages.

2

**CONCLUSION**

It is therefore ORDERED that defendants' Motion for Protection Order [Doc. 29-

1, filed July 20, 2005] is DENIED.

Dated at Denver this day of August 15, 2005.

BY THE COURT:


  s/O. Edward Schlatter
O. Edward Schlatter
U.S. Magistrate Judge

3