IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00043-PSF-OES

JENNIFER OLIVER,

Plaintiff(s),

vs.

ARNOLD, ROSS AND ASSOCIATES, LLC;
ARNOLD, ROSS AND SINGER, LLP; and
STEPHANIE M. GAGLIANO,

Defendant(s).

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND
ORDER DENYING DEFENDANTS' SECOND
MOTION FOR PROTECTIVE ORDER

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated: September 12, 2005

## BACKGROUND

Plaintiff has filed a motion in which she seeks leave to file a second amended complaint. She alleges in her motion that she has obtained new evidence through depositions that occurred in June and July of 2005. The new evidence has prompted her to ask the court for leave to add several new claims and one additional defendant.

Defendants oppose the motion to amend. They argue that plaintiff has failed to show good cause, has not filed her motion in timely fashion, and has failed to

proceed with due diligence.

The new information that was obtained by plaintiff prompted her to issue notices of deposition for three individuals, Felix Urrutia, Karen Urrutia and Michael Kirschbaum. Defendants oppose these depositions, and they have filed a Second Motion for Protective Order.

## DISCUSSION

### 1. Motion to amend complaint.

Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend falls within the discretion of the trial court. T.V. Communications Network, Inc. v. Turner Network Television, Inc., 964 F. 2d 1022, 1028 (10th Cir. 1992), cert. denied, 113 S.Ct. 601 (1992). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has noted that trial courts should be liberal in granting amendments. Triplett v. Leflore County, Okl., 712 F.2d 444, 446 (10th Cir. 1983).

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 (3d Cir. 1969); see also LeaseAmerica Corp. v. Eckel, 710 F.2d 1470, 1474 (10th Cir. 1983). The party

opposing the amendment of the pleadings has the burden of showing prejudice. Beeck v. Aquaslide 'N' Dive corp., 562 F.2d 537, 540 (8th Cir. 1977).

Defendants argue primarily that plaintiff's motion to amend ought not to be granted because that would be unduly prejudicial to defendants, would cause a manifest injustice and the new claims otherwise are not relevant to a determination of plaintiff's damages. Defts' Resp. at 7. In defendants' view, plaintiff is only seeking to add the new claims and new defendant in order to have the opportunity to "'air the Defendants' dirty laundry, to needlessly embarrass and scare the Defendants into settling the Plaintiff's case for far much more than it is worth [and] is a smoke screen tactic . . . that she is likely going to try to use in front of the jury." Id. at 7-8.

I am not persuaded by defendants' arguments, most of which are more appropriate for a motion to dismiss than as an objection to a motion to amend. Although defendants argue that the new claims are not "relevant" to a determination of plaintiff's damages, that is not the test I must consider. I am concerned with whether plaintiff has established a good faith basis for her motion to amend, and has presented good cause for her failure to add the new claims and defendant before this date. In her Motion and Reply, plaintiff has established such a basis and good cause for adding the new claims and defendant before this date. I am satisfied that she has proceeded with due diligence.

Defendants argue that they will be "unduly prejudiced" by the granting of the motion to amend. I understand by that argument that they are concerned with the

3

effect that plaintiff is hoping to achieve by "air[ing] the Defendants' dirty laundry" before a jury. That is not the prejudice that is contemplated by the rule. Indeed, whether the information about which defendants make complaint ever makes it to a jury is not the question that is before me. Rather, defendants must show they will face "undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." Deakyne v. Commissioners of Lewes, 416 F.2d at 300. Defendants have not done so. Mere inconvenience or the potential for additional discovery does not constitute undue prejudice.

## 2. Defendants' second motion for protective order.

Defendants' Second Motion for Protective Order is interrelated with their opposition to plaintiff's motion to amend. Plaintiffs seek to depose three persons to obtain discovery in regard to their newly added claims and defendant. Defendants, in their motion for protective order, argue that the depositions plaintiff seeks to take are not reasonably calculated to lead to admissible evidence, and argue that plaintiff has failed to demonstrate good cause for amending the Scheduling Order to add these deponents. Defendants assert that plaintiff should not be permitted to proceed with the three depositions because they were not listed in the scheduling order.

Plaintiff asserts that the requested depositions are necessary in order to obtain information to support her new claims. She also argues that she could not have known at the time the scheduling order was prepared about the need for the depositions that she seeks to take at this time.

I have granted plaintiff's motion to amend in the preceding section of this order, and that portion of this order allowed plaintiff to add new claims. I know of no circumstances where a party is strictly limited to the depositions that the party lists in the scheduling order, and parties frequently learn during the course of discovery of the need for depositions for additional persons. Whether the information sought by plaintiff is "relevant" to her claims is not the test. In light of her new claims, the information sought is discoverable.

## CONCLUSION

It is therefore ORDERED as follows:

1. Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 42-1, filed August 10, 2005] is GRANTED, and plaintiff's Second Amended Complaint is RECEIVED FOR FILING.

2. Defendants' Second Motion for Protective Order [Doc. 47-1, filed August 22, 2005] is DENIED.

Dated at Denver this day of September 12, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
U.S. Magistrate Judge

5