IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00043-PSF-MEH

JENNIFER OLIVER,

      Plaintiff,

vs.

ARNOLD, ROSS AND ASSOCIATES, LLC; ARNOLD, ROSS AND SINGER, LLP;
STEPHANIE M.G. GAGLIANO; and MICHAEL K. SINGER,

      Defendants.

_____

## ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER
## CONCERNING DEPOSITION NOTICE FOR TOWN OF MERINO

_____

      Defendants have filed a Motion for Protective Order (Docket #110) ("Motion to Expedite"). This motion has been referred to this Court by District Judge Figa (Docket #113).  Plaintiff has filed her response.  Oral argument would not materially assist the Court in adjudicating this Motion.  For the reasons stated below, the Court **denies** the Motion for Protective Order.

## I.      Facts

      Plaintiff alleges Defendant attorneys committed legal malpractice in handling a negligence claim on her behalf.  The case is set for trial on April 4, 2006.  Pursuant to the Order of this Court on November 14, 2005 (Docket #98), discovery has been extended to March 15, 2006.

      The current Motion seeks to prevent the Rule 30(b)(6) deposition of a representative of the City of Merino, Colorado.  Defendants contend that the scope of the proposed deposition is inconsistent with the discovery permitted by this Court's Supplemental Scheduling Order of November 14, 2005.  Further, Defendants contend that the issue(s) that are the subject of the

proposed discovery are not relevant to this case, which they allege concern only damages arising out of their malpractice.  Finally, Defendants contend that the Notice of Deposition is procedurally inappropriate because the Federal Rules of Civil Procedure do not permit a Rule 30(b)(6) deposition of a representative of a city.

## II.     Discussion

### A.     Scope of Supplemental Scheduling Order

First, Defendants raise the issue of the scope of the Supplemental Scheduling Order entered on November 14, 2005.  Although the undersigned United States Magistrate Judge did not enter that Order, he will interpret it.  The Order permitted fact discovery through March 15, 2006.  The Order contemplated depositions, including [without any stated limitations] trial preservation depositions, records depositions, and even fact depositions if necessitated "by any of the new claims asserted by the Plaintiff or the defenses asserted by the Defendants."  Order at 7.  While the Order does include some specific depositions that the parties intended to take, the Order does not limit the remaining depositions to those specific categories.  Further, in the Order, the Plaintiff provided notice to Defendants of her desire to take a deposition concerning the subject matter underlying the Motion for Protective Order: An alleged conflict of interest which Defendant attorney Singer had in representing the City of Merino against one or more members of the Kirschbaum family, including Michael Kirschbaum, who drove the car that injured Plaintiff, which accident gave rise to the original representation of Plaintiff by Defendant attorneys.

The Court finds that although the proposed deposition expands somewhat on the disclosure made by Plaintiff in the Supplemental Scheduling Order, it is not inconsistent with that Order. Further, Plaintiff has committed that the deposition will not last "much longer than an hour."

Response at 9.  The Court will rely on that representation in finding that the Amended Scheduling Order does not prohibit the taking of the noticed deposition, and counsel are advised to prepare sufficiently for the deposition in order to honor their representation made to this Court.

**B.      Relevance**

Judge Figa will ultimately decide the relevance of any alleged conflict of interest that Defendant attorney Singer had regarding representation of the City of Merino.  What we are dealing with here is discovery.  As even Defendants note in their Motion, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing on the claim or defense of a party."  Motion at 3 (citation omitted).   It is not clear to the Court that the information sought here can have no possible bearing on the claim or defense in this case.  Indeed, it appears that this issue has already been the subject of proceedings in this Court and will likely be (if it has not already been) the subject of a Motion in Limine.  Therefore, the Court does not find that this is a legitimate basis for denying the requested discovery.

**C.      Scope of Fed. R. Civ. P. 30(b)(6)**

The Court does not agree with Defendants' argument that the words "governmental agency" in Fed. R. Civ. P. 30(b)(6) exclude an incorporated city in these United States.  It is quite clear that a city is a political subdivision of a state, *e.g., Sturdevant v. Paulsen*, 218 F.3d 1160, 1170 (10th Cir. 2000), and a political subdivision is a government agency.  *E.g.*, *Associated Dry Goods Corp. v. United States*, 521 F. Supp. 473, 478 n.9 (CIT 1981) ("governmental agency" includes "subordinate creature[s] of federal, state or local government") (citing Black's Law Dictionary).  The State of Colorado, whose decisions are not binding on this Court when applying procedural law, certainly considers its cities to be governmental agencies. *E.g.*, *Morgan v. Reser*, 162 Colo. 165, 167, 425

3

P.2d 42, 44 (Colo. 1967); *People v. McNichols*, 91 Colo. 141, 150, 13 P.2d 266, 269 (Colo. 1932).

Particularly when Rule 30(b)(6)'s only reference to a political unit is the general term "governmental agency," such a term should be given a broad interpretation.

## III.    Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Defendants' Motion for Protective Order [Filed February 07, 2006; Docket #110] is **denied**, and the parties are directed to cooperate in arranging and completing the requested discovery by March 15, 2006.

Dated at Denver, Colorado, this 28th day of February, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge